PONDER, Judge.
Plaintiff appeals a trial court judgment entered after a non-jury trial of his personal injury claims for unseaworthiness, and under the Jones Act, 46 U.S.C. § 688, for negligence. We affirm.
Plaintiff, Steve Wilson, a deckhand employed by defendant, Arthur Levy Enterprises, Inc. was on his first assignment on the offshore supply vessel, the M/V San Jose Island. On his second day aboard, plaintiff and the senior deckhand were instructed to clean the vessel. Starting at the uppermost level and working their way downward, the senior deckhand sprinkled laundry detergent on each of the ship’s decks and then rinsed the deck after plaintiff scrubbed it with a brush. The laundry detergent was applied because the supply of soap normally used had been depleted.
After feeding the hose to the senior deckhand to rinse a lower deck, plaintiff returned to an upper deck, already washed, to retrieve his cleaning bucket and brush. As he reached the landing of the stairwell going down to the lower deck, he slipped and fell down the stairwell to the lower deck. Plaintiff sustained severe injuries to his back which necessitated surgery and resulted in a residual disability. Plaintiff sues for damages, alleging that the vessel was unseaworthy and that the defendant was negligent under the Jones Act, 46 U.S.C. § 688.
The issues on appeal are: (1) the seaworthiness of the vessel based on plaintiff’s contention that the cause of the accident was the absence of the “non-skid” material on the landing and steps and the generally unkept condition of the boat; (2) the captain’s negligence in allowing the use of a laundry detergent to clean the deck and in failing to instruct and properly supervise a safe method of application of the detergent.
The parties have stipulated that plaintiff was in fact a seaman, that he has attained maximum cure, that plaintiff was defendant’s employee and that plaintiff was injured within the course and scope of his employment with defendant.
The condition of the landing and the stairwell was disputed at trial, resulting in the factual determination by the trial court that the paint was not chipped or worn in the area of the landing and stairway where the accident occurred. The judge held that .plaintiff had failed to carry his burden of proving negligence or unseaworthiness.
A vessel owner has an absolute duty to furnish a seaworthy vessel, that is a vessel and appurtenances which are reasonably safe and fit for their intended use. Ceja v. Mike Hooks, Inc., 690 F.2d 1191 (5th Cir.1982). Additionally, under the Jones Act, a vessel owner will be deemed negligent if he fails to exercise reasonable *78 care to maintain a reasonably safe work environment. Ceja v. Mike Hooks, Inc., supra. See Allen v. Seacoast Products, Inc., 623 F.2d 355 (5th Cir.1980). However, a seaman does not have an absolute right to a deck that is not slippery, only a right to a deck that is not unreasonably slippery. See Garcia v. Murphy Pacific Marine Salvaging Company, 476 F.2d 303 (5th Cir.1973), cer. dismissed, 463 U.S. 1233, 1234, 104 S.Ct. 26, 27, 77 L.Ed.2d 1449 (1983).
The trial judge carefully weighed the testimony of all witnesses and considered the discrepancies that existed with the prior deposition testimony of defendant’s witnesses. He was especially impressed with the testimony of the first mate who stated that the landing and stairway were safe at the time of plaintiff’s accident and that she had applied paint and “non-skid” to the ship shortly before the plaintiff’s accident. Her statement is supported by the requisition for supplies submitted by the captain of the ship indicating that a bag of “nonskid” had been received on January 6,1982, approximately four months prior to the accident, and his testimony that it was standard policy to use the supplies during the next “hitch” after delivery. The only contrary testimony was that of plaintiff who testified that the paint on the landing and stairway was worn to the extent that the metal showed.
The appropriate standard of review for testing the sufficiency of the evidence in Jones Act and unseaworthiness claims tried before a judge is whether or not the decision reached by the lower court is “clearly erroneous.” See, Loehr v. Offshore Logistics Inc., 691 F.2d 758 (5th Cir.1982); See Oil Screw Noah’s Ark v. Bentley & Felton Corp., 322 F.2d 3 (5th Cir.1963). We cannot say that the court erred in finding that the vessel was adequately painted and seaworthy.
Plaintiff also argues that defendant was negligent in providing laundry detergent rather than a standard cleaning agent and in failing to instruct and supervisé a safe method of application. This issue was not specifically addressed by the trial judge in his oral reasons for judgment.
The captain of the M/Y San Jose Island testified that it was common to switch from one type of soap to another and that laundry detergent was often used to clean the ship. Although the captain did initially state that it would be safer to first mix the detergent in water rather than sprinkling it directly on the deck, he later added that either method was suitable to clean the ship. No evidence was presented which would indicate that the use of a laundry detergent to clean the deck or the “sprinkling” of the soap directly on the deck resulted in an unreasonable risk of harm or an unsafe work environment. Cleaning a ship with soap and water is a necessary part of maintaining the seaworthiness of the vessel and the fact that one’s shoes or the deck of a ship becomes wet during the process does not, in itself, impose an unreasonable risk of harm. Plaintiff has failed to carry his burden of proof. We affirm the lower court’s finding that defendant was not negligent.
For these reasons, the decision of the trial court is affirmed and all costs of this appeal will be assessed to the plaintiff.
AFFIRMED.